**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navigators Insurance Company,  <br>  Plaintiff,  <br> vs.  <br> BR Consulting, Inc., et al.,  <br>  Defendants. | No. CV-10-8089-PCT-PGR  <br><br> ORDER |

In a complaint filed on June 1, 2010, the plaintiff alleges that the Court has diversity of citizenship jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 1332. Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must

dismiss the case, unless the defect be corrected by amendment.")

The jurisdictional allegation concerning defendant Seung Heun Lee is facially deficient because it merely states that he is "an individual residing at 80 Rufous Lane, Sedona, Arizona 86336." It is black letter law that an allegation of residency does not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) (Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

The plaintiff is advised that its failure to timely file an amended complaint that cures the pleading deficiency noted in this Order shall result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the complaint is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **June 14, 2010.**

IT IS FURTHER ORDERED that the plaintiff shall immediately serve a copy of this Order upon any defendant who has already been served with

process.

DATED this 3ʳᵈ day of June, 2010.

_____
Paul G. Rosenblatt
United States District Judge